## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **ALFREDA CARR** | : | |
| Administratrix of Estate of Efrem Carr | : | |
| 1713 North 54th Street | : | |
| Philadelphia, PA 19131 | : | |
| | : | **CIVIL ACTION** |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **NO.** |
| | : | |
| | : | |
| **OFFICER THOMAS D'ALESIO** | : | |
| 750 Race Street | : | |
| Philadelphia, PA 19106 | : | |
| | : | |
| AND | : | |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA 19102 | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants | : | |

_____

## <u>COMPLAINT</u>

1.      Plaintiff, Alreeda Carr, administer of the estate of Efrem Carr, Deceased, is an
adult individual and citizen and resident of the State of Pennsylvania, residing at the above-
captioned address.

2.      Defendant, City of Philadelphia, is a duly constituted municipal authority with
offices located at the above-captioned address.

3.      Defendant, Officer Thomas D'alesio, is a Philadelphia City police officer, with
office address C/O City of Philadelphia Police Department, 750 Race Street, Philadelphia, PA
19106

4.      Jurisdiction is based on 28 U.S.C. §1331, as the action arises under the Constitution, laws, or treaties of the United States.

5.      Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b).

6.      At all times material hereto, the police officer defendant was the agent, servant, workman and/or employee of defendant Philadelphia, and was acting within the course and scope of his employment by same, and within its control and/or right to control.

7.      On or about, August 23, 2012, Efrem Carr, was operating his vehicle near 65th and Girard Avenue in Philadelphia when Defendant, Officer D'Alesio, effected a traffic stop.

8.      Upon information and belief, Officer D'Alesio reported that he instructed Mr. Carr to exit his vehicle whereupon Officer D'Alesio frisked Mr. Carr.

9.      Upon information and belief, Officer D'Alesio reported that Mr. Carr returned to his vehicle at which time D'Alesio reached into Mr. Carr's vehicle as it began to move.

10.     At some point after reaching into Efrem Carr's vehicle, D'Alesio drew his weapon and shot and killed Mr. Carr.

11.     Mr. Carr was not armed and was not attacking D'Alesio when Officer D'Alesio shot and killed him.

12.     Officer D'Alesio's actions constitute a substantive due process violation, excessive use of force and false arrest in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

13.     Plaintiff's injuries and death are the result of the officer's direct violation of plaintiff's constitutional rights.

**COUNT I**

**ALFREDA CARR, ADMINISTRATOR OF THE ESTATE OF EFREM CARR, DECEASED V. CITY OF PHILADELPHIA**

**MONELL CLAIM**

14.    Plaintiff incorporates by reference paragraphs one (1) through twenty (13) as if the same were set forth herein at length.

15.    The officer's treatment of Efrem Carr was without provocation and unreasonable, and was as a direct result of the Philadelphia Police Department's (PPD) custom, policy, and practice.

16.    As the direct and proximate result of the PPD's custom, practice and policy and the aforesaid unlawful and malicious physical abuse of Efrem Carr by officer D'Alesio, committed under color of state law under authority as a PPD police officer, Efrem Carr sustained grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

17.    As the direct and proximate result of the PPD's custom, practice and policy and the aforesaid unlawful and malicious physical abuse of Efrem Carr by the officers, Efrem Carr suffered severe and permanent injuries and damages including, but not limited to, a gunshot wound to the chest causing Mr. Carr great pain, anguish, fear and consternation, ultimately resulting in death.

WHEREFORE, plaintiff, Alreeda Carr, administer of the estate of Efrem Carr, Deceased, demands punitive and compensatory damages against the Defendant in an amount in excess of One Hundred Thousand Dollars ($150,000.00) plus costs, interest, and delay damages on each

count, together with such punitive and exemplary damages and legal fees as the court shall allow.

## COUNT II

### ALFREDA CARR, ADMINISTRATOR OF THE ESTATE OF EFREM CARR, DECEASED V. POLICE OFFICER THOMAS D'ALESIO

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND 42 U.S.C. SECTION 1983

19.     Plaintiff incorporates by reference paragraphs one (1) through twenty-four (18) as if the same were set forth herein at length.

20.     The Defendant's treatment of Efrem Carr was without provocation and unreasonable, and was as a direct result of the PPD's custom, policy, and practice.

21.     Defendant assaulted, falsely arrested, and applied excessive physical force against Efrem Carr far in excess of what was reasonably necessary to achieving legitimate law enforcement objectives and in clear violation of Plaintiff's rights under federal law.

22.     Defendant applied fatal excessive physical force against Mr. Carr despite his lack of resistance and/or threatening actions toward Defendant.

23.     Efrem Carr fully cooperated with Defendant, posed no threat to either the Defendant or any other individuals present, and Defendant had no probable cause to arrest Plaintiff based on Plaintiff's actions.

24.     As the direct and proximate result of the Defendant's actions as described herein, each of them committed under color of state law under his authority as a PPD officer, Efrem Carr sustained grievous bodily harm and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

25.    As the direct and proximate result of the Defendant's aforesaid unlawful and malicious physical abuse of Efrem Carr, Mr. Carr suffered severe and permanent injuries and damages including, but not limited to, a gunshot wound to the chest resulting in death, causing Mr. Carr great pain, anguish, fear and consternation.

WHEREFORE, plaintiff, Alfreda Carr, administer of the estate of Efrem Carr, Deceased, demands punitive and compensatory damages against the Defendant in an amount in excess of One Hundred Thousand Dollars ($150,000.00) plus costs, interest, and delay damages on each count, together with such punitive and exemplary damages and legal fees as the court shall allow.

**FIRST CAUSE OF ACTION**

**WRONGFUL DEATH**

26.    Plaintiff incorporates by reference paragraphs 1 through 25 as though the same were fully set forth at length herein.

27.    Plaintiff's Decedant, Efrem Carr, left surviving:

      a.    Mother-Alfreda Carr

      b.    Father-Ronnie Lee

28.    Efrem Carr died on August 23, 2012.

29.    On November 29, 2012, the Philadelphia County register of Wills appointed Gloria Williams as Administrator of the Estate of Efrem Carr, deceased.

30.    Plaintiff, Alfreda Carr, administer of the estate of Efrem Carr, Deceased, brings this action behalf of Decedant's Estate under and by virtue of the Pennsyvlania Judiciary Act 42 Pa. C.S. 8301, known as the Wrongful Death Statute.

31.    All persons entitled to share in the Estate are the persons named in paragraph 27.

32.     Plaintiff claims on behalf of Decedent's survivors all damages recoverable under the Wrongful Death Act, including but not limited to the precuriary value of support, services, society and comfort that decedent would have provided to them had he lived, as well as for the reimbursement of medical expense, funeral expenses and other expenses incurred in connection with his death.

WHEREFORE, plaintiff, Alfreda Carr, administer of the estate of Efrem Carr, Deceased, demands punitive and compensatory damages against the Defendant in an amount in excess of One Hundred Thousand Dollars ($150,000.00) plus costs, interest, and delay damages on each count, together with such punitive and exemplary damages and legal fees as the court shall allow.

## SECOND CAUSE OF ACTION

## SURVIVAL ACTION

33.     Plaintiff incorporates by reference paragraphs 1 through 32 as though the same were fully set forth at length herein.

34.     Plaintiff brings this action on behalf of decedent's Estate under and by virtue of the Pennsylvania Judiciary Act, 42 C.S. 8302, known as the Survival Statute.

35.     Plaintiff's decedent is survived by the persons listed in Paragraph 27 of this Complaint.

36.     Plaintiffs claim on behalf of the Estate all damages recoverable under the Survival Act including but not limited to damages for the conscious pain and suffering undergone by decedent as a result of the conduct of Defendants, their real, apparent and/or ostensible agents, servants and/or employees, up to and including the time of his death;  the net amount of money decedent would have earned between the date of his death and today and the net amount of

money Decedent would have earned between today and end of his life expectancy.

WHEREFORE, plaintiff, Alfreda Carr, administer of the estate of Efrem Carr, Deceased, demands punitive and compensatory damages against the Defendant in an amount in excess of One Hundred Thousand Dollars ($150,000.00) plus costs, interest, and delay damages on each count, together with such punitive and exemplary damages and legal fees as the court shall allow.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims.

Respectfully Submitted,

**SWARTZ CULLETON PC**

**___/s/Christopher J. Culleton_____**
By:  Christopher J. Culleton
       Joseph P. Guzzardo
       133 North State Street
       Newtown, PA  18940
       215-550-6553
       215 550 6557 (Fax)

Dated: July 3, 2013